RENDERED: MAY 24, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0582-MR

LP LOUISVILLE HERR LANE, LLC
D/B/A SIGNATURE HEALTHCARE
AT JEFFERSON PLACE REHAB &
WELLNESS CENTER; JJLA, LLC;
LAS PALMAS SNF, LLC; LP CR
HOLDINGS, LLC; LP CS HOLDINGS,
LLC; LP MANAGER, LLC; LPMM,
INC.; LPSNF, LLC; SHC LP
HOLDINGS, LLC; SIGNATURE
HEALTHCARE CLINICAL
CONSULTING SERVICES, LLC;
SIGNATURE HEALTHCARE
CONSULTING SERVICES, LLC;
SIGNATURE HEALTHCARE, LLC;
AND WILLIE JOE NORRIS,
INDIVIDUALLY AND IN HIS
CAPACITY AS ADMINISTRATOR
OF SIGNATURE HEALTHCARE AT
JEFFERSON PLACE REHAB &
WELLNESS CENTER                                                    APPELLANTS


                         APPEAL FROM JEFFERSON CIRCUIT COURT
v.                       HONORABLE ANN BAILEY SMITH, JUDGE
                                ACTION NO. 21-CI-002374



WILLIAM A. BUCKAWAY,
EXECUTOR OF THE ESTATE OF
SHIRLEY WILSON; RUSSELL

WILSON; SABRA HEALTH CARE
REIT, INC.; AND WHEATEN, LLC                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND TAYLOR, JUDGES.

COMBS, JUDGE:  The following parties have filed this appeal from an order of

the Jefferson Circuit Court denying their motion for summary judgment entered on

April 25, 2023:  LP Louisville Herr Lane, LLC d/b/a Signature HealthCare at

Jefferson Place Rehab & Wellness Center; Willie Joe Norris, Individually and in

his capacity as the Administrator of Signature HealthCare at Jefferson Place Rehab

& Wellness Center; Signature HealthCare Clinical Consulting Services, LLC;

Signature HealthCare Consulting Services, LLC; SHC LP Holdings, LLC;

Signature HealthCare, LLC; JJLA, LLC; Las Palmas SNF, LLC; LPSNF, LLC; LP

CS Holdings, LLC; LP CR Holdings, LLC; LPMM, Inc.; and LP Manager, LLC

(referred to collectively as "Jefferson Place").  Although interlocutory, this appeal

is proper as Jefferson Place contends that the trial court erred by summarily

rejecting its claims of immunity.  After our review, we affirm.

Shirley Wilson underwent back surgery at Baptist Hospital in

Louisville on April 17, 2020.  She was hospitalized for another eleven days.

During that time, she received wound care and dressing changes pursuant to

physician orders. Her surgeon followed up with her several times. He never observed any sign of post-operative infection. The surgical wound appeared to be healing properly.

Shirley was transferred from Baptist Hospital to Jefferson Place, a nursing home, which routinely offers post-surgical care to its patients. On April 27, 2020, the day before Shirley was discharged from the hospital, the hospital prepared a detailed progress note to be used by the nursing home staff. The note provided her plan of care and included the discharge physician's orders for her wound care during her stay at the nursing home. The note indicated that Shirley should be out of bed several times each day and that she could have showers. It also directed that Shirley's wound be cleaned with peroxide twice each day and covered loosely with a dry dressing. These measures were aimed at preventing post-operative infection. Jefferson Place was directed to call Shirley's physician if any concerns developed about the wound's healing. Shirley was discharged to Jefferson Place on April 28, 2020. She was to follow up with her surgeon on May 18, 2020.

On May 18, 2020, during a telehealth conference with her surgeon's office, the nursing home staff examined Shirley's surgical wound. (Shirley's estate claims that this was the first time that her wound had been tended to in three weeks.) Staff discovered that the wound was infected. It was red, warm, and

draining. The following day, May 19, Shirley was found unresponsive; she was immediately transferred to the hospital where she was diagnosed with a catastrophic E. coli infection. Shirley required multiple treatments and surgeries -- including removal of the hardware implanted in her back during the initial surgery.

Shirley and her husband, Russell Wilson, filed a negligence action in Jefferson Circuit Court on April 22, 2021. Shirley alleged that nursing home staff failed to follow physician orders and instructions and that it otherwise neglected to provide her with basic nursing care during her stay. Shirley alleged that staff failed to properly transcribe the physician's orders to her chart; failed to follow physician orders to clean her wound with peroxide and change her dressing; failed to shower her at any point during her three-week stay; failed to get her out of bed several times each day; filed to assess her wound for any sign of infection; and failed to communicate with her physician at Baptist Hospital. She alleged that these failures and neglect over the course of her stay at Jefferson Place caused her surgical wound to become infected with E. coli (commonly found in fecal matter) and to become septic. Medical experts testified that the wound had been infected for a number of days before the telehealth conference on May 18, 2020.

Over the following months, the parties engaged in extensive pretrial discovery. On June 20, 2022, Jefferson Place filed a motion for summary judgment. It contended that the COVID-19 pandemic prevented customary care

and that Shirley's injuries were caused by actions taken to limit and prevent the spread of COVID-19. It argued that it is immune from liability under provisions of KRS[1] 39A.275(1)(a) that were applicable during the pandemic and immune from claims or losses related to the use of pandemic countermeasures under provisions of the Federal Public Readiness and Emergency Preparedness Act ("the PREP Act") 42 U.S.C.[2] § 247d-6d.

Shirley died of congestive heart failure on July 25, 2022. The executor of her estate filed a motion to revive and a motion to amend the complaint to include a claim for wrongful death. These motions were granted.

By its Order entered on April 25, 2023, the trial court denied the motion of Jefferson Place for summary judgment. It concluded that the use of a telehealth conference on May 18, 2020, was not a covered countermeasure under provisions of the PREP Act and that Jefferson Place had not met its burden pursuant to KRS 39A.275(1)(a) to show that Shirley's injuries were caused by or resulted from the nursing home's use of the telehealth conference. Jefferson Place filed a timely notice of appeal to this Court.

On June 1, 2023, we ordered Jefferson Place to show cause why the appeal should not be dismissed as interlocutory. Following briefing on the issue,

---

[1] Kentucky Revised Statutes.

[2] United States Code.

we rendered an Order on August 24, 2023, concluding that sufficient cause was shown for the matter to proceed to this merits panel.

On appeal, Jefferson Place argues that the trial court erred by failing to grant summary judgment in its favor. It contends that it is entitled to immunity as a matter of law under either the state or the federal provisions. We disagree.

Upon our review, we must determine whether the trial court correctly concluded that Jefferson Place was not entitled to judgment. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). Whether immunity applies is purely a question of law. *Gambrel v. Croushore as next friend of Villarreal*, 638 S.W.3d 452 (Ky. App. 2021). Consequently, we may not defer to the trial court's decision because we must review the issue *de novo*. *Lewis v. B & R Corporation*, 56 S.W.3d 432 (Ky. App. 2001).

Before it was repealed, KRS 39A.275(8)(a) provided broadly that "[a]ny essential service provider during the declared emergency of the COVID-19 pandemic shall not be liable for any COVID-19 claim." A "COVID-19 claim" is "any claim or cause of action for an act or omission arising from COVID-19." KRS 39A.275(1)(c). An injury "arises from COVID-19" where it was caused by "[s]ervices, treatment, or other action performed to limit or prevent the spread of COVID-19; or [s]ervices performed by an entity outside the normal course of its business in response to COVID-19[.]" KRS 39A.275(1)(a). Immunity is not

triggered under the statute unless **a causal connection exists** between the injury suffered and the action taken by the care provider.  However, no immunity applies for an act or omission involving "gross negligence, or wanton, willful, malicious, or intentional misconduct."  KRS 39A.275(3).

The PREP Act provides immunity from suit and liability for all claims for loss (whether state or federal) caused by, arising out of, relating to, or resulting from the administration of countermeasures used to combat the spread of COVID-19.  42 U.S.C. §247d-6d(a)(1).  The immunity applies to any claim for loss that has **a causal relationship** with the administration or use of a covered countermeasure. *Id.*

On appeal, we must determine whether the harm to Shirley was caused by or resulted from any COVID-19 countermeasure.

Jefferson Place submits that the telehealth conference of May 18 was a COVID-19 countermeasure undertaken to prevent or limit the spread of disease. It contends that the deterioration of Shirley's surgical wound was caused by or resulted from the COVID-19 restriction that prevented both Shirley's physician and a nurse practitioner from examining the patient in person.

Shirley's estate argues that her injuries were not caused by any action taken to limit or prevent the spread of COVID-19 or by services performed outside the normal course of Jefferson Place's business in response to COVID-19.  Instead,

Shirley's estate argues that during the time that she was in the care of Jefferson Place, staff was neglectful and failed to provide her with appropriate care as directed by her doctor and failed to provide her such nursing and rehabilitation services as are customarily provided by the nursing home. The estate argues that there is no link between the use of a telehealth conference and Shirley's infection and that, therefore, the causal connection required to assert the immunity provided by state and federal provisions has not been shown.

We agree with Shirley's estate that the telehealth conference came too late to be a factor in causing Shirley's injuries. Evidence considered by the trial court indicated that by the time of the telehealth conference, Shirley had already suffered days -- if not weeks -- of neglect by nursing home staff. The wound infection was described by Shirley's physician as very deep and "clearly caused by failure to keep the wound clean and change the dressing" as ordered. Another doctor confirmed that the wound had probably been infected for several days before the May 18 telehealth conference. Finally, the nursing home's director testified unequivocally that COVID-19 protocols did not prevent staff from caring properly for Shirley's wound.

Neither the federal nor the state immunity statute created a new defense to standard negligence claims. The circuit court did not err by concluding

that the ordinary negligence claims asserted by the Wilsons fell outside the scope of both the PREP Act and Kentucky's immunity provision.

We affirm the decision of the Jefferson Circuit Court rejecting the motion for summary judgment filed by Jefferson Place.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Michael T. Leigh
William R. Adams
Louisville, Kentucky

Rebecca R. Schafer
Emily W. Newman
Paul A. Dzenitis
Louisville, Kentucky

BRIEF FOR APPELLEES:

Jacques G. Balette
Juliette B. Symons
Lexington, Kentucky